**LEWIS BRISBOIS BISGAARD & SMITH** LLP
MICHAEL K. JOHNSON, SB# 130193
  E-Mail: Michael.Johnson@lewisbrisbois.com
FRANCIS J. TORRENCE, SB# 154653
  E-Mail: Francis.Torrence@lewisbrisbois.com
2185 North California Boulevard, Suite 300
Walnut Creek, California 94596
Telephone: 925.357.3456
Facsimile: 925.478.3260

AMY L. GOLDMAN, SB# 134088
  E-Mail: Amy.Goldman@lewisbrisbois.com
MARIA L. GARCIA, SB# 276135
  E-Mail: Maria.L.Garcia@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Plaintiffs
BRYANT FU and CRYSTAL LEI

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>Thai Ming Chiu<br><br>*aka* Simon Chiu<br>*aka* Simon Thai Ming Chiu<br><br>Debtor.<br><br>BRYANT FU and CRYSTAL LEI,<br><br>  Plaintiffs,<br>  vs.<br><br>THAI MING CHIU *also known as* SIMON CHIU *also known as* SIMON THAI MING CHIU,<br><br>  Defendant. | Case No.: 22-30405<br><br>Chapter 13<br><br>Adversary No.:<br><br>**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**<br>[11 U.S.C. § 523(a)(2)(A); 11 U.S.C. § 523(a)(6); and 11 U.S.C. § 1328(a)(2)] |

Plaintiffs BRYANT FU ("Fu") and CRYSTAL LEI ("Lei", and Lei together with Fu are collectively referred to as the "Plaintiffs"), by and through their counsel, respectfully represent and

4885-1390-5728.1
1
COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT
[11 U.S.C. § 523(a)(2); 11 U.S.C. § 523(a)(6); and 11 U.S.C. § 1328(a)(2)]

Case: 22-03110    Doc# 1    Filed: 11/28/22    Entered: 11/28/22 12:21:55    Page 1 of 11

allege as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. § 523(a). This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(I). Venue in this Court is proper pursuant to 28 U.S.C. § 1409 as this adversary proceeding arises under and in connection with the chapter 13 case of the debtor THAI MING CHIU *also known as* SIMON CHIU *also known as* SIMON THAI MING CHIU (the "Debtor" or "Defendant") commenced under Title 11 of the United States Code (the "Bankruptcy Code") now pending before this Court, bearing Case No. 22-30405 (the "Bankruptcy Case"). The statutory predicate for the relief requested by Plaintiffs is 11 U.S.C. §§ 523(a)(2)(A) and (a)(6) and 1328(a)(2). Plaintiffs consent to entry of a final order or judgment by the Bankruptcy Court on their 11 U.S.C. §§ 523(a)(2)(A) and 1328(a)(2) and 11 U.S.C. § 523(a)(6) claims for relief.

## PARTIES

2. Plaintiffs are, and at all relevant times were, individuals residing in the State of California, and over the age of 18 years old. Plaintiffs are creditors of Defendant. Plaintiffs filed a Proof of Claim, Claim No. 1-1 (and as may be amended), asserting a general unsecured claim against the bankruptcy estate of Defendant.

3. Plaintiffs are informed and believe, and on that basis allege, that Defendant commenced his Bankruptcy Case on August 10, 2022 (the "Petition Date") by filing a voluntary petition under chapter 13 of the Bankruptcy Code, and further are informed and believe, and on that basis allege, Defendant resides in the State of California and in this District.

## GENERAL ALLEGATIONS

4. Plaintiffs are informed and believe, and on that basis allege, that Demas Yan a/k/a Dennis Yan ("Yan") is a vexatious litigant and disbarred attorney, and sought to make himself judgment proof while maliciously harassing Plaintiffs and pursing bad faith litigation against them with impunity.

5. As a result of Yan's malicious and vexatious conduct over the years, Plaintiffs have obtained various awards, judgments, sanctions orders and attorneys' fees orders against Yan.

However, Plaintiffs' efforts to collect the money owed to them by Yan has been thwarted by the shell game that Yan and his family, including Defendant, have been playing with Yan's assets. Plaintiffs are owed not less than $830,753.08 by the following as of the Petition Date from Yan:

(a) A sanctions award against Yan in the amount of $2,500 from the United States District Court for the Northern District of California (the "U.S. District Court") on January 15, 2020 (*Yan v. Lei, et al.*; Case No. 11-cv-01814-RS);

(b) An attorneys' fee award against Yan and in favor of Plaintiffs in the amount of $42,687.69 from the San Francisco County Superior Court on October 24, 2019 (*Lei, et al. v. Yan, et al.*; Case No. CGC-14-565831);

(c) A Statement of Decision and Judgment for attorneys' fees and emotional distress damages against Yan and in favor of Plaintiffs in the amount of $337,939.56 from the San Francisco County Superior Court on August 14, 2019 (*Lei, et al. v. Yan, et al.*; Case No. CGC-14-565831);

(d) An award against Yan in the amount of $7,968.75 for attorneys' fees from the U.S. District Court on March 19, 2018 (*Yan v. Lei, et al.*; Case No. 11-cv-01814-RS (JSC));

(e) A sanctions award against Yan of $500.00 per day after February 20, 2018 from the U.S. District Court on February 9, 2018 (*Yan v. Lei, et al.*; Case No. 11-cv-01814-RS (JSC));

(f) An award against Yan and in favor of Plaintiffs for attorneys' fees in the amount of $53,910 from the San Francisco County Superior Court on June 6, 2016 (*Lei, et al. v. Yan, et al.*; Case No. CGC-14-541875);

(g) A sanctions award against Yan and in favor of Plaintiffs, Wei Suen and Stella Hong Chen for attorneys' fees and non-taxable expenses in the amount of $35,004.71 by the Ninth Circuit Court of Appeals on June 24, 2014 (*Yan v. Fu, et al.*, No. 11-CV-1814-RS);

(h) Attorneys' fees of $118,835.50 and costs of $21,001.70 awarded by the San Francisco County Superior Court on April 26, 2022 (*Lei, et al. v. Yan, et al.*; Case No. CGC-14-565831); and

(i) Accrued interest and costs.

6. Plaintiffs allege that:

(a) Yan and his family members, including Defendant, participated in a long-lasting scheme to fraudulently transfer the real property commonly known as 547 23rd Avenue, San Francisco, California (the "Subject Property") between themselves in order to avoid Yan's existing and future creditors.

(b) The first such transfer took place in April 2004, not long before Yan filed for bankruptcy; and, in 2006, the bankruptcy trustee of Yan's bankruptcy case filed an adversary proceeding seeking to recover the Subject Property from Yan's parents, and in October 2006, Yan's parents quitclaimed the Subject Property back to Yan.

(c) In or around December 2007, Yan again transferred his ownership of the Subject Property to 547 23rd Avenue, LLC, a company which Yan solely owned and formed in October 2007 with the sole function of which was to own the Subject Property. The transfer took place shortly after a bankruptcy ruling in Yan's then bankruptcy case directed Yan to pay a creditor.

(d) In or about July 2012, Yan transferred his membership interest in 547 23rd Avenue, LLC to his mother Tina Yan and Yan's brothers-in-law Kaman Liu and Defendant (Tina Yan, Kaman Liu and Defendant are collectively referred to as the "Transferees"). Tina Yan received a 68.43 percent ownership interest in the LLC, Defendant received 25.83 percent, and Kaman Liu received 5.74 percent.

(e) In or about November 2013, the Subject Property was again transferred to another entity, 547 Investments, LLC, formed by Yan but which was also owned by Transferees with the same interests as the previous entity.

(f) The Subject Property was fraudulently transferred to 547 23rd Avenue, LLC and then to 547 Investments, LLC with the intent to hinder, delay and defraud Yan's existing and future creditors including among them Plaintiffs, were received without good faith, and were not in exchange for reasonably equivalent value. The ownership interest in 547 23rd Avenue, LLC was similarly transferred to Transferees with the intent to hinder, delay and defraud Yan's existing and future creditors including among them Plaintiffs, was received without good faith, and was

4885-1390-5728.1
4
COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT
[11 U.S.C. § 523(a)(2); 11 U.S.C. § 523(a)(6); and 11 U.S.C. § 1328(a)(2)]

Case: 22-03110    Doc# 1    Filed: 11/28/22    Entered: 11/28/22 12:21:59    Page 4 of 11

not in exchange for reasonably equivalent value. The ownership interest in 547 Investments, LLC was also held by Transferees with the intent to hinder, delay, and defraud Yan's existing and future creditors including among them Plaintiffs.

(g) Transferees including Defendant were aware of and agreed with Yan to engage in the transfers and acted in concert and conspired with Yan regarding the transfers of the Subject Property and ownership of 547 23rd Avenue, LLC with the intent to hinder, delay and defraud Yan's existing and future creditors including among them Plaintiffs. Transferees were made the owners of 547 Investments, LLC with the intent to hinder, delay and defraud Yan's existing and future creditors including among them Plaintiffs.

7. On September 26, 2014, Plaintiffs filed an action in the San Francisco County Superior Court (Case No. CGC-14-565831) (the "2014 State Court Action") against Yan for malicious prosecution and related transferees for fraudulent transfer with respect to the Subject Property. The state court awarded judgment in Plaintiffs' favor on their malicious prosecution claim in August 2019, and (ultimately, after a remand on appeal from the Court of Appeal) on their fraudulent transfer claims (including against Tina Yan) in the 2014 State Court Action.

8. On January 31, 2017, Plaintiffs filed their verified complaint for fraudulent transfers and conspiracy to defraud against Transferees including Defendant in the San Francisco County Superior Court (Case No. CGC-17-556769) (the "2017 State Court Action"). On April 7, 2022, Plaintiffs filed their verified first amended complaint for fraudulent transfers and conspiracy to engage in fraudulent transfer against Transferees in the 2017 State Court Action. That action was scheduled to go to trial on September 28, 2022 but was ultimately stayed as to the claims against Defendant because of his pending Bankruptcy Case.

9. Plaintiffs allege, the liability of Transferees including Defendant for the fraudulent transfer of the Subject Property has further been fully litigated to finality in a separate action, *Li v. Chiu, et al.* (Case No. CGC-14-537574). See, *Li v. Chiu*, No. A149849, 2018 Cal. App. Unpub. LEXIS 3822, at *29 (May 31, 2018).

/ / /

/ / /

4885-1390-5728.1

5

Case: 22-03110    Doc# 1    Filed: 11/28/22    Entered: 11/28/22 12:20:59    Page 5 of 11

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT
[11 U.S.C. § 523(a)(2); 11 U.S.C. § 523(a)(6); and 11 U.S.C. § 1328(a)(2)]

# FIRST CLAIM FOR RELIEF

## [For Determination of Dischargeability of Debt Under

## 11 U.S.C. §§ 523(a)(2)(A) and 1328(a)(2) – Actual Fraud]

10. Plaintiffs repeat, replead and reallege Paragraphs 1 through 9 and incorporate them by this reference as though set forth in full herein.

11. Plaintiffs have a right to payment from Yan as alleged in Paragraph 5 above.

12. Plaintiffs allege that:

(a) In or around December 2007, Yan transferred his ownership of the Subject Property to 547 23rd Avenue, LLC, a company which Yan solely owned.

(b) In or about July 2012, Yan transferred his membership interest in 547 23rd Avenue, LLC to Transferees.

(c) In or about November 2013, the Subject Property was transferred to another entity, 547 Investments, LLC, formed by Yan but which was also owned by Transferees.

(d) The Subject Property was fraudulently transferred to 547 23rd Avenue, LLC and then to 547 Investments, LLC with the intent to hinder, delay and defraud Yan's existing and future creditors including among them Plaintiffs, were received without good faith, and were not in exchange for reasonably equivalent value. The ownership interest in 547 23rd Avenue, LLC was similarly transferred to Transferees with the intent to hinder, delay and defraud Yan's existing and future creditors including among them Plaintiffs, was received without good faith, and was not in exchange for reasonably equivalent value. The ownership interest in 547 Investments, LLC was also held by Transferees with the intent to delay, hinder and defraud Yan's existing and future creditors including among them Plaintiffs.

(e) Transferees including Defendant were aware of and agreed with Yan to engage in the transfers and acted in concert and conspired with Yan regarding the transfers of the Subject Property and ownership of 547 23rd Avenue, LLC with the intent to hinder, delay and defraud Yan's existing and future creditors including among them Plaintiffs. Transferees were made the owners of 547 Investments, LLC with the intent to hinder, delay and defraud Yan's existing and future creditors including among them Plaintiffs.

(f)  The transfers were made while Yan was either insolvent or said transfers rendered him insolvent.

13.  Plaintiffs were harmed as a result of the transfers.

14.  The conduct of Yan and Transferees including Defendant was a substantial factor in causing Plaintiffs harm as a result of the transfers.

15.  Plaintiffs were damaged and demand judgment against Defendant in the amounts alleged in Paragraph 5, above, or in an amount to be determined at trial, plus interest and attorneys' fees and costs, and that the debt owed by Defendant to Plaintiffs be deemed non-dischargeable pursuant to 11 U.S.C. §§ 523(a)(2)(A) and 1328(a)(2).

## SECOND CLAIM FOR RELIEF

### [For Determination of Dischargeability of Debt Under

### 11 U.S.C. § 523(a)(6) – Willful and Malicious Injury]

16.  Plaintiffs repeat, replead and reallege Paragraphs 1 through 15 and incorporate them by this reference as though set forth in full herein.

17.  Plaintiffs have a right to payment from Yan as alleged in Paragraph 5 above.

18.  Plaintiffs allege that:

(a)  In or around December 2007, Yan transferred his ownership of the Subject Property to 547 23rd Avenue, LLC, a company which Yan solely owned.

(b)  In or about July 2012, Yan transferred his membership interest in 547 23rd Avenue, LLC to Transferees.

(c)  In or about November 2013, the Subject Property was transferred to another entity, 547 Investments, LLC, formed by Yan but which was also owned by Transferees.

(d)  The transfers were made while Yan was either insolvent or said transfers rendered him insolvent.

(e)  The Subject Property was fraudulently transferred to 547 23rd Avenue, LLC and then to 547 Investments, LLC with the intent to hinder, delay and defraud Yan's existing and future creditors including among them Plaintiffs, were received without good faith, and were not in exchange for reasonably equivalent value. The ownership interest in 547 23rd Avenue, LLC

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4885-1390-5728.1

7

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT
[11 U.S.C. § 523(a)(2); 11 U.S.C. § 523(a)(6); and 11 U.S.C. § 1328(a)(2)]

was similarly transferred to Transferees with the intent to hinder, delay and defraud Yan's existing and future creditors including among them Plaintiffs, was received without good faith, and was not in exchange for reasonably equivalent value. The ownership interest in 547 Investments, LLC was also held by Transferees with the intent to delay, hinder and defraud Yan's existing and future creditors including among them Plaintiffs.

(f) Transferees including Defendant were aware of and agreed with Yan to engage in the transfers and acted deliberately and in concert and conspired with Yan regarding the transfers of the Subject Property and ownership of 547 23rd Avenue, LLC with the intent to hinder, delay and defraud Yan's existing and future creditors including among them Plaintiffs. Transferees were deliberately made the owners of 547 Investments, LLC with the intent to further hinder, delay and defraud Yan's existing and future creditors including among them Plaintiffs.

(g) Without just cause or excuse, Defendant did actually, intentionally, willfully, deliberately, maliciously, recklessly, physically engaged in the wrongful acts to defraud Plaintiffs necessarily causing Plaintiffs injury.

(h) Defendant knew the injury was substantially certain to occur as a result of his wrongful conduct. Plaintiffs' harm was certain or almost certain to result from Defendant's wrongful acts.

19. The conduct of Yan and Transferees including Defendant was a substantial factor in causing Plaintiffs harm as a result of the transfers.

20. Plaintiffs were damaged and demand judgment against Defendant in the amounts alleged in Paragraph 5, above, or in an amount to be determined at trial, plus interest and attorneys' fees and costs, and that the debt owed by Defendant to Plaintiffs be deemed non-dischargeable pursuant to 11 U.S.C. § 523(a)(6).

## THIRD CLAIM FOR RELIEF

### [For Determination of Dischargeability of Debt Under 11 U.S.C. §§ 523(a)(2)(A) and 1328(a)(2) and 11 U.S.C. § 523(a)(6) – Conspiracy to Defraud]

21. Plaintiffs repeat, replead and reallege Paragraphs 1 through 20 and incorporate them by this reference as though set forth in full herein.

22. Plaintiffs have a right to payment from Yan as alleged in Paragraph 5 above.

23. Plaintiffs allege that:

(a) In or around December 2007, Yan transferred his ownership of the Subject Property to 547 23rd Avenue, LLC, a company which Yan solely owned.

(b) In or about July 2012, Yan transferred his membership interest in 547 23rd Avenue, LLC to Transferees.

(c) In or about November 2013, the Subject Property was transferred to another entity, 547 Investments, LLC, formed by Yan but which was also owned by Transferees.

(d) The transfers were made while Yan was either insolvent or said transfers rendered him insolvent.

(e) The Subject Property was fraudulently transferred to 547 23rd Avenue, LLC and then to 547 Investments, LLC with the intent to hinder, delay and defraud Yan's existing and future creditors including among them Plaintiffs, were received without good faith, and were not in exchange for reasonably equivalent value. The ownership interest in 547 23rd Avenue, LLC was similarly transferred to Transferees with the intent to hinder, delay and defraud Yan's existing and future creditors including among them Plaintiffs, was received without good faith, and was not in exchange for reasonably equivalent value. The ownership interest in 547 Investments, LLC was also held by Transferees with the intent to delay, hinder and defraud Yan's existing and future creditors including among them Plaintiffs.

(f) Transferees including Defendant were aware of and agreed with Yan to engage in the transfers and acted deliberately and in concert and conspired with Yan regarding the transfers of the Subject Property and ownership of 547 23rd Avenue, LLC with the intent to hinder, delay and defraud Yan's existing and future creditors including among them Plaintiffs. Transferees were deliberately made the owners of 547 Investments, LLC with the intent to further hinder, delay and defraud Yan's existing and future creditors including among them Plaintiffs.

(g) In furtherance of such conspiracy and Defendant's knowing and voluntary participation therein in doing the acts described above, Plaintiffs have been damaged in the amounts alleged in Paragraph 5, above, or in an amount according to proof, which Plaintiffs would

have been able to collect from Yan but for the aforementioned transfers.

(h) Without just cause or excuse, Defendant did actually, intentionally, willfully, deliberately, maliciously, recklessly, physically engaged in the wrongful acts to defraud Plaintiffs necessarily causing Plaintiffs injury.

(i) Defendant knew the injury was substantially certain to occur as a result of his wrongful conduct. Plaintiffs' harm was certain or almost certain to result from Defendant's wrongful acts.

24. The conduct of Yan and Transferees including Defendant was a substantial factor in causing Plaintiffs harm as a result of the transfers.

25. Because Defendant entered into a conspiracy with Yan to damage Plaintiffs and their rights and property interests, and Plaintiffs were so harmed and injured, Plaintiffs demand judgment against Defendant in the amounts alleged in Paragraph 5, above, or in an amount to be determined at trial, plus interest and attorneys' fees and costs, and that the debt owed by Defendant to Plaintiffs be deemed non-dischargeable pursuant to 11 U.S.C. §§ 523(a)(2)(A) and 1328(a)(2) and 11 U.S.C. § 523(a)(6).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for judgment against Defendant, as follows:

1. That Plaintiffs have judgment against Defendant in the amounts alleged herein, or to be determined at trial, plus interest from the date of judgment at the legal rate until paid;

2. Awarding Plaintiffs attorneys' fees and costs of suit incurred herein;

3. That the debts owed by Defendant to Plaintiffs is excepted from discharge or deemed non-dischargeable pursuant to 11 U.S.C. §§ 523(a)(2)(A) and 1328(a)(2) and 11 U.S.C. § 523(a)(6); and

4. For such other and further relief as this Court deems just and proper.

///
///
///
///



4885-1390-5728.1

10

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT
[11 U.S.C. § 523(a)(2); 11 U.S.C. § 523(a)(6); and 11 U.S.C. § 1328(a)(2)]

Case: 22-03110    Doc# 1    Filed: 11/28/22    Entered: 11/28/22 12:21:55    Page 10 of 11

| | |
|---|---|
| DATED: November 28, 2022 | MICHAEL K. JOHNSON<br>FRANCIS J. TORRENCE<br>AMY L. GOLDMAN<br>MARIA L. GARCIA<br>LEWIS BRISBOIS BISGAARD & SMITH LLP |
| | By: */s/Maria L. Garcia*<br>MARIA L. GARCIA<br>Attorneys for BRYANT FU and CRYSTAL LEI |

4885-1390-5728.1

11

Case: 22-03110    Doc# 1    Filed: 11/28/22    Entered: 11/28/22 12:21:55    Page 11 of 11

COMPLAINT TO DETERMINE DISCHARGABILITY OF DEBT
[11 U.S.C. § 523(a)(2); 11 U.S.C. § 523(a)(6); and 11 U.S.C. § 1328(a)(2)]